IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT W. TESSEN,

                                                                          ORDER

                  Plaintiff,

                                                             08-cv-556-bbc

      v.

KENT LEPAK,

                  Defendant,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff is proceeding in this case on his claim that defendant Kent Lepak seized his property in violation of the Fourth Amendment. Now plaintiff has filed a motion to compel discovery pursuant to Fed. R. Civ. P. 37.

      In his motion, plaintiff states that on October 18, 2008, he served requests for production of documents and for admissions on a Shane Linger, and that Linger has not responded. However, plaintiff's discovery requests do not comply with the rules of civil procedure. Fed. R. Civ. P. Rules 34 and 36, provide that requests for production of documents and for admissions may be served on a *party* by another party. Shane Linger is not a party in this action. Because Linger is not required to respond to the discovery requests plaintiff served on him, I must deny plaintiff's motion to compel.

1

However, there are other ways that plaintiff can obtain information from Linger. To obtain documents, plaintiff may subpoena documents from Linger pursuant to Fed. R. Civ. P. 45. Plaintiff should be aware that no person from whom the documents are sought need appear at the production and that he will need to pay the costs of copying the documents produced, even if he is proceeding in forma pauperis. If plaintiff does not demand a person's attendance, no witness and mileage fees need accompany the subpoena. Fed. R. Civ. P. 45(a)(1)(C), 45(b)(1) and 45(c)(2)(A). However, if plaintiff demands a person's attendance, he will need to tender to that person with the subpoena a check or money order in an amount sufficient to cover a daily witness fee at the rate of $143 and round trip mileage at the rate of $.585 per mile.

In addition, if plaintiff wishes to obtain other information, he can question Linger at a deposition pursuant to Fed. R. Civ. P. 30. He should be aware that he would have to pay for the deposition according to the rule. Also, if Linger does not agree to come voluntarily to the deposition, plaintiff will have to subpoena him and pay his witness fee and mileage.

Finally, I would remind plaintiff that he is not to begin discovery until after the pretrial conference is held in this case. This conference will be scheduled after defendant files his responsive pleading.

ORDER

IT IS ORDERED that plaintiff's motion to compel discovery, dkt. #15, is DENIED.

Entered this 9th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3