IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT W. TESSEN,

                Plaintiff,                      ORDER

   v.

                                                08-cv-556-bbc

KENT LEPAK,

                Defendant.

---

On December 9, 2008, Judge Crabb denied plaintiff Robert W. Tessen's motion to compel Shane Linjer to produce documents because Linjer is not a party to this action. Judge Crabb suggested other methods plaintiff could use to obtain information from Linjer, including subpoenaing those documents pursuant to Fed. R. Civ. P. 45. Now plaintiff has submitted a completed subpoena form directing Linjer to produce and permit inspection of all of the documents in plaintiff's probation and parole file from 2003 to 2008. Plaintiff requests that this court issue the subpoena and have it served by the U.S. Marshal.

Plaintiff's request will be denied for numerous reasons. First, plaintiff does not provide an affidavit showing that the documents he wants are in any way relevant to his only claim in this lawsuit, which is that defendant Kent Lepak violated his Fourth Amendment rights by seizing his property. Nor has he shown that he cannot obtain these documents simply by requesting them from Lepak. Regarding plaintiff's request to have the U.S. Marshal serve the subpoena, plaintiff does not show by affidavit that he has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action. Finally, plaintiff asks that "the fees be advanced" to him, which I understand to be a request that witness and mileage fees be paid for him by the United States. However, because plaintiff's subpoena

merely seeks the production of documents for his inspection rather than the appearance of Linjer, there are no witness fees at issue.

If plaintiff wants to renew his request for this court to issue a subpoena commanding Lepak to produce documents, he will have to rectify the deficiencies discussed above. He should inform the court by affidavit (1) how the documents are relevant to his Fourth Amendment claim; (2) that he has requested the documents but has been turned down; and (3) that he has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action. Also, plaintiff should be aware that no person from whom the documents are sought need appear at the production, but that if he wants a copy of any document, he will need to pay the costs of copying the documents produced, even though he is proceeding *in forma pauperis*. Because plaintiff is not demanding a person's attendance, no witness and mileage fees need accompany the subpoena. Moreover, even if I were to conclude that the subpoena should be issued and that the Marshal should serve it under 28 U.S.C. § 1915(d) without receiving prepayment for the costs of service, plaintiff will owe the service costs. The *in forma pauperis* statute is not a statute that provides for waiver of the Marshal's fees and costs of serving complaints and subpoenas for litigants proceeding under that statute. It merely relieves the litigant of an obligation to prepay such fees and costs.

ORDER

IT IS ORDERED that plaintiff's request for issuance of a subpoena is DENIED without prejudice. The clerk of court is directed to refrain from issuing the requested subpoena. Plaintiff

may renew his motion with an affidavit supplying the specific information set out above.

Entered this 3rd day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge