IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT W. TESSEN,

                                                                        ORDER

                 Plaintiff,

                                                                       08-cv-556-bbc

     v.

KENT LEPAK,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff is proceeding in this case on his claim that defendant Kent Lepak seized his property in violation of the Fourth Amendment.  Now before the court is plaintiff's motion for summary judgment, which will be denied at the outset for his failure to comply with this court's summary judgment procedures.  A copy of the procedures was sent to the parties with the magistrate judge's February 12, 2009 preliminary pretrial conference order.

       This court's procedures require that a party moving for summary judgment submit a motion, evidentiary materials and at least two other documents separate from the motion: a brief and proposed findings of fact.  Procedure I.A.  A brief is a document in which a party argues his or her view of the law governing the legal claims raised in the lawsuit.  Proposed findings of fact, however, are the meat of the lawsuit.  This is the document in which the

1

parties tell the complete story about what happened between them that led the plaintiff to the courthouse steps.  In other words, proposed findings of fact must identify the parties, the nature of the dispute between the parties and the circumstances surrounding the dispute. Procedure I.B.3.  Each factual proposition is to be written in separate, numbered paragraphs. Procedure I.B.1.  At the end of each factual statement proposed, there is to be a reference to evidence in the record that supports the fact proposed.  Procedure I.B.2.

Although plaintiff has complied with the court's procedures in that he has submitted a motion, brief, proposed findings of fact and evidentiary materials, his motion must be denied for two reasons.  First, plaintiff's proposed findings of fact do not refer to evidence in the record to support the fact proposed.  Second, plaintiff's documentary evidence is not admissible because none of the exhibits have been authenticated.  This means the exhibits must be attached to an affidavit in which a person who has personal knowledge of what the exhibits are declares under penalty of perjury or swears under oath that the exhibits are true and correct copies of the documents they appear to be.  For example, if plaintiff wants to submit a copy of the property inventory record created by defendant following the incident that is the subject of this lawsuit, and he obtained the record from defendant during the discovery phase of this proceeding, he should prepare an affidavit in which he declares under penalty of perjury that the exhibit (identified by the number he gave it) is a true and correct copy of the record he received from defendant during discovery.

Because plaintiff's motion for summary judgment and submissions in support are not in compliance with the court's procedures, they cannot be considered. Therefore, plaintiff's motion will be denied. Plaintiff is urged to read carefully the court's summary judgment procedures in the event he wishes to file another motion for summary judgment or needs to file a response to a motion for summary judgment filed by defendant, should defendant choose to file one.

ORDER

IT IS ORDERED that plaintiff's motion for summary judgment, dkt. #40, is DENIED without prejudice for plaintiff's failure to conform his motion to this court's summary judgment procedures.

Entered this 9th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3